Yes, I am now. Okay. Thank you. May it please the court. My name is Eitan Janich. I'm representing Brian Cody in this appeal. Brian Cody has been unable to work full-time at any kind of competitive work on a sustained basis since May 2014 due to a combination of physical and mental impairments. Now the main basis of the appeal and throughout his process has been that the ALJ improperly rejected the opinions of several examining psychologists, physicians, and nurse practitioners including Dr. Bose, Dr. Wingate, Dr. Davenport, Ms. Armstrong, and Dr. Sylvester. The opinions of all of these medical providers are consistent with Cody's many clinical findings throughout the record and the ALJ did not state any legitimate reason for rejecting any of these opinions. In addition, we have, I've been arguing throughout this that the ALJ also erred by improperly rejecting Cody's testimony as she didn't state any convincing reason for doing so and she also erred by improperly rejecting evidence from a social security interviewer and a social worker. Having said all of that, I know that the court has asked me to address the issue of whether or not the appointment of the ALJ was invalid in such a way that her decision shouldn't have been made even in the first place. And so I will start by saying that if you were to find that the other arguments support remand of this case for a new hearing, and that is all we are asking for is remand for a new hearing, the hearing would be automatically in front of a new ALJ because that ALJ has retired and she'd also, they don't allow more than two times under any of their rules for their, for an ALJ to consider to hold a new ALJ. So if you were to find that any of those errors support remand, I think that the appropriate way to handle this case is by ruling based on that, the errors that were made by the ALJ and avoiding the constitutional issue. However, if you feel that you want to address the constitutional issue or that you need to address the constitutional issue, I believe that under the Supreme Court's decisions in Carr and Lucia, there's no question or doubt that because the ALJ was not validly appointed at the time of the first two hearings and at the time of her first decision, she had two hearings prior to that first decision, because she wasn't validly appointed for any of that, the proper relief for Cody was when the case was remanded for a new hearing, it should have been reassigned to a different ALJ, but it was not. And the ALJ here never should have held that third hearing. Well, the problem with that argument is that you didn't raise the appointments clause question after the 2017 decision. Well, see that all of this was in flux because the decisions, the Supreme Court decisions, which established this weren't, didn't come up until well after that. And one of the elements... I think Lucia was before your first decision, isn't it? Well, but Carr was not. And the, I think the key issue is that Carr made it clear that failing to raise the issue sooner doesn't, or doesn't affect the analysis that, and in fact, Social Security even issued a Social Security ruling that acknowledged, it sort of went halfway, it acknowledged that those decisions were invalid and anyone who asked would get a new hearing. But they, but if you didn't ask, you didn't. And then Carr made it clear that even if you didn't ask sooner, you still should get a new hearing. And that's been pretty much the position of, not that it's particularly persuasive here, but it's been the position of Social Security administration in litigation that pretty much any time the issue was raised, it resulted in a remand. But also it's more important than that, the courts have also seen that. And I do cite one decision from the Western District of Washington that basically is directly on point with this case that stated that, well, the claimant had had his hearing in front of a invalidly appointed ALJ and under Lucia and Carr, the proper relief was for his next hearing to be held in front of a different ALJ. But the Social Security administration did not reassign the case. It was held in front of the same ALJ. And on that basis, the court remanded the case for a new hearing before a different ALJ. So did you say that as a matter of course, now the Social Security administration will remand, if there is a remand, they will automatically go to a new ALJ now? Well, no, you see, let me make this a little more clear. I've got, I don't have a lot of cases that have involved the issue of a person who, a claimant who had a disability hearing held by an administrative law judge who was not validly appointed, who then ends up having the case assigned the same ALJ. So this may be my only case that I've had that scenario in. I'm not sure. But anytime that, so what's generally happened is if there'd been the one hearing and the case was under litigation, yes, the policy of Social Security, the litigation policy appeared to be to go ahead and honor Lucia and Carr, because the language in those decisions is quite clear, and grant a remand for, or stipulate to a remand for a new hearing before a different ALJ. This case is, like I say, slightly removed, attenuated. Counsel, can I ask one of the interests behind Carr and Lucia is that it has to go to a new ALJ because if we just remanded to the same ALJ, the ALJ will think that he or she got it right before and just will just rubber stamp the prior decision. Here, it's a little different in that in the 2017 decision was, was reversed by the district court and was remanded. So the same interest in, in making sure that the ALJ takes a hard look, a fresh look, it doesn't attain here because the prior decision was wrong, at least according to the district court. Right. Well, the prior decision was wrong on the merits, correct? Correct. It was, it was found to be wrong on the merits, but despite that, what we have here, and this is part of the reasoning in Carr and Lucia, the case ended up being remanded to the same ALJ, and she wrote essentially the same decision. All the reasoning, it just lines right up. She quoted lots of stuff from her previous decision. She acted like the decision hadn't been reversed on the merits, but and that's once again, it's part of the reasoning of Carr and Lucia, and I think that under Carr and Lucia, this court really is required at a minimum to remand this case for a new hearing. I would like to reserve some time for rebuttal. Okay, we'll do that now. Thank you. May it please the court and counsel, Lars Nelson on behalf of the Commissioner of Social Security. This court should affirm the only decision that is before this court, the 2019 decision of ALJ Maurer, because it is supported by substantial evidence and free from prejudicial legal error. I'd like to begin with the presumption that was raised by counsel that Carr and Lucia, the challenges to the appointment of the adjudicators was raised within the same proceeding. In this case, we have a 2017 ALJ decision that was brought to the Appeals Council, and then to the District Court, and then that decision was remanded. The Commissioner is relying on long-standing principles of, bedrock principles of finality. The judgment in that case is final, and numerous doctrines of the Supreme Court, and that are bedrocks to our legal system, prevent collateral attacks at judgment and decision. Counsel? Including, yes. Excuse me, I have a couple of questions. Just as a matter of the Administration, where does it go? Where does that remand go first? It would first go to the Appeals Council. And the Appeals Council, when it comes to the Appeals Council on a remand, do district judges commonly say who the ALJ should be? Sometimes they do, but typically not. And they did, and the district judge in this case did not, correct? That's correct. Okay, so when the District Court sent it back in, on this current one, it was, that was in what, 2018? The District Court's decision was in June of 2019. Okay. When did Social Security, when did the District Court apply to ALJs appointed in violation of the Appointments Act? Do you remember when that was? That was July 16, 2018. The date I have, excuse me, the date I have is March 15, 2019. SSA issues a ruling stating that, in essence, that administrative hearings, correct? I believe the court's referring to SSR 19-1P. And yeah, I do not dispute the publication date of that SSR. And this was some months after Cody filed his complaint in District Court, challenging the denial of his disability status. And I think counsel will concede that in that complaint, no Appointments Clause claim was raised, correct? That's correct. No Appointments Clause was raised in the first challenge. How can you, how can you contend that he's waived that challenge when the Social Security Commissioner's Well, I would, I would say, well, to unpackage what the court said is the court in SSR 19-1P, the Commissioner did say that it would entertain timely challenges to appointments. The scope to which the Commissioner has conceded or not conceded Lucia's full application to ALJ decisions I don't, I'm not aware of any published source as to the scope of that or any litigation policy that my opposing counsel raised. But as I understand it, the Commissioner's ruling in March of 2019 told the Appeals Council what to do when there's an Appointment Clause problem. And in this case, with the District Court not saying where it's to go to, in this case, the Appeals Council sent the case right back to an ALJ who was not properly appointed. Isn't that correct? Well, I mean, that would be absolutely incorrect in this case because the ALJ was properly appointed as of July 16th, 2018. So before the District Court entered its decision in this case. Well, so you're talking about this when the Social Security Administrator in July, was it basically ratified all the appointments? Is that what you're talking about? Yes, Your Honor. Yeah. And the March 19 ruling by the Commissioner uses interesting and very specific language. And that is that on remand, the case is supposed to go to an ALJ if there's an Appointment Clause problem, other than the ALJ who first heard the case. Isn't that correct? With the caveat that the entire SSR is premised on timely challenges to appointment, which there never was in the prior case. How could Cody have raised an Appointments Clause issue before Social Security determined that Lucia applied to Social Security ALJs? How would he know that? Well, the DC Circuit issued its decision in Lucia in June of 2017, before the ALJ decision that is now being challenged. But the March 2019 ruling determination, whatever, by the Commissioner was the first time in the Social Security world that the powers that be, if you will, said Lucia applies to our business. Correct? Correct. I wouldn't know that historically. The Lucia argument, the appointments challenge, it could have been raised in the district court. And that was what Carr held. Before. For the first time. And your argument is that because of that, Cody has waived it. But how would Cody know that Lucia applies to Social Security ALJ hearings before that determination is made by the Commissioner? Well, they would have to have made the same argument that the Lucia made to the SEC and to the courts in that case. The same argument that the defendant made in Rider, the same argument that the claimants made in Freetag. They would have to, you know, raise it in the first instance. It's not the Commissioner's burden to flag potential issues for a claimant in order for a waiver to apply to the finality of a judgment. So your position is that Cody should have made that appointment clause challenge in September of 2018 when he filed the complaint in district court. Correct? That's your position. Effectively, yes, your honor. Okay. Yet a couple of years later, the Supreme Court in Carr says they don't have to raise it in the administrative proceeding. That's correct. Now, was the when the appeals council got the remand, the 2019 remand in June of June 19, 2019, the appeals council vacates the final decision and remands to an administrative judge, law judge for further proceedings consistent with the order of the district court. Is that correct? That's correct. Did the appeals council say which ALJ should go to? I believe the appeals council order is directed to ALJ Mauer. Was the, I'm looking at that right now, I'm looking at the appeals council, June 19, 2019. And the only thing it says is the administrative law judge. I don't see a name. The ALJ in question is Marilyn Mauer, correct? That's correct, your honor. Oh, here's my final question. Was the appeals council under any obligation when they received the remand from district court to consider the application of Lucia to social security appeals and assign this case to the district court? To an ALJ other than Ms. Mauer? No, your honor. And to do so would have been inconsistent with the commissioner's position all the way through CAR, which wasn't decided until I think April of 2021. And I would remind the court that at around this time, the commissioner had two circuits, the eighth and the 10th circuits who had affirmed the commissioner's position that a timely objection had to be raised before the agency. Okay. So, so as a matter of course now, so the commissioner will not remand to a new ALJ unless the, the, the, the plaintiff or the claimant raises affirmatively the, the appointment clause challenge. I mean, I cannot speak to all the different procedural postures that might, in which this might arise, your honor. But there's no policy now that the commissioner will automatically remand to a new commission, to a new ALJ? I, not that I'm aware of that where there's a particular policy. And again, the procedural postures are very different in this, in these cases, such that I couldn't speak to all the different variations. So would you agree with opposing counsel that after the district court remand in this case, that the 2000, I think 19 ALJ decision is very closely related to the 2017 ALJ decision? I think your opposing counsel said that they line up almost directly. I would say unequivocally, no, your honor, there's 400 new pages of medical records. There's six new medical opinions. The second ALJ, the second ALJ decision considers. There's a new finding at step two, adding a new severe impairment. There's a new residual functional capacity assessment, adding exertional limitations, postural limitations, and environmental limitations, and entirely new jobs at step five. I would wholeheartedly reject that this is the same ALJ decision. Well, I mean, it's not necessarily the same, but I mean, it's, it's, you would have conceded that they're related. The ALJ didn't start from scratch. Well, and the claimant didn't amend their onset date. So it would have been a dereliction of duty to start from scratch. You had to consider the entire relevant period. Right. So, and I guess my problem is even, even with your waiver argument, Lucia says this court has held that the appropriate remedy for an adjudication tainted with an appointments violation is a new hearing before a properly appointed official. So even if, even if your waiver argument is correct, this second decision at least was tainted by the first decision. Well, I, I mean, the court is treating them both as one decision, because remember in Lucia, the objection to appointment was raised within the same proceeding, and here it is not. This is a different court case. This court has no jurisdiction over the prior judgment of the district court, which is now final, and it would be strictly a collateral attack. We would be permitting collateral attacks on final decisions. If we pierce the veil and treated these all as one case for the purposes of the appointments clause. Well, we don't have to treat them as one case. We just say that the second case was tainted by the first case. And again, once the appeals council vacated that order and the ALJ was directed to one, consolidate with an entirely new application and consider six new opinions, I think it's very hard to say that this case was at all tainted, that the ALJ was somehow simply recycling work, when in fact the record and the decision were markedly different. So I understand sort of a follow up to my colleague's question. You're here representing the Social Security Administration, and it's your position that the administration, absent a specific claim by a claimant, is under absolutely no obligation on remand from district court to consider whether the case should go to an ALJ other than the one who originally heard the claim, even if that ALJ was improperly appointed. Is that correct? If the commissioner was aware that the ALJ was improperly appointed, I assume that it would be assigned to a new ALJ. Well, how does the appeals council know what to do? That you've told us already that when the case comes back from district court, it goes to the appeals council and they're the ones that send it to an ALJ, correct? That's correct. And you're telling us here today that that person, in this case, Donna Calvert, administrative appeals judge, is under absolutely no obligation to consider sending the case to an ALJ other than the one, improperly appointed one, who heard the case initially. That's your position? It's the position of the commissioner that all our ALJs were properly appointed, at the very least, as of July 16th, 2018, and absent some, excuse me, your honor. No, and council for claimants must make that challenge, even if council would have no way of knowing that the challenge exists at the time of the appeal. Is that right? At the time of the appeal to the district court, I mean, at this point, Juncture, Lucia and Cara are well decided, so that case would never arise. But there's no indication in the action that was taken by the administrative appeals judge in June of 2019, not even an indication that she considered whether it was appropriate to send it right back to the same improperly appointed ALJ, even though the district court said nothing about which ALJ it should go to. Is that right? Yes, that's right. There is no obligation of the appeals council to respond and consider appointments issues. I just have one last question. It seems like there's at least a half dozen district court cases that have addressed this case, this issue, and they've seemed to be split, you know, 50-50 almost. Has any, are you aware of any appellate court that has reached this issue? To date, no appellate court has reached the issue. The 10th Circuit remanded for the district court to perform further consideration of the issue, but the 10th Circuit did not address the issue. Okay, we'll hear for a rebuttal from counsel for Mr. Cote. Thank you. I want to mostly just address, first of all, the issue that was raised by opposing counsel regarding the quote-unquote finality of the first case and the quote-unquote collateral attack on that case. Okay, that case was reversed, it was remanded, and it was then vacated by the appeals council. So there's no, technically speaking, final decision there that's valid or that's being attacked here. And we're not asking you to consider the validity of that decision since it's already been decided that it was not a valid decision. The entire attack here is on the validity of the current decision, the second decision by A.L. J. Mauer, which was, which adopted a lot. I don't want to say that it was identical because it was certainly not identical. There was new evidence, but it adopted a lot of the analysis and the reasoning from the prior vacated decision. But even if it hadn't, it was still improper for Judge Mauer to have had, to have held that hearing because under Lucia Ann Carr, she was not, it was, the case should have been reassigned. It was not. And I agree, Judge Hawkins, that that was, there was no real excuse here why the appeals council did not order that it be reassigned. They should have. And the fact that they didn't doesn't change the fact that under, once it became clear, once Carr was issued, it's clear that it should have been reassigned. And therefore, at a minimum, that is what this court should do. Thank you. Thank you, counsel. Any other questions for my colleagues? Okay, this case will be submitted and we are adjourned for the week. All rise. Hear ye, hear ye. All persons having done business will be honorable. The United States Court of Appeals for the Ninth Circuit will now depart. For this court, for this session, now is adjourned.
judges: HAWKINS, BUMATAY, Moskowitz